# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**MICHAEL HILL AND DASIE HILL**                                **PLAINTIFFS**

**v.**                                                CIVIL ACTION NO.  2:20-cv-164-KS-MTP

**THE KENAN ADVANTAGE GROUP,**                                 **DEFENDANTS**
**INC., KAG LEASING, INC., KENAN**
**TRANSPORT, LLC, CHARLES G.**
**LAWSON TRUCKING, INC.,**
**CHARLES G. LAWSON TRUCKING,**
**LLC, JOHN NICHOLAS WILKENS,**
**AND JOHN DOES I-III**

## **COMPLAINT**

COMES NOW the Plaintiffs, Michael Hill and Dasie Hill, by and through the undersigned attorney, and files this Complaint against the Defendants, The Kenan Advantage Group, Inc., KAG Leasing, Inc., Kenan Transport, LLC, Charles G. Lawson Trucking, Inc., Charles G. Lawson Trucking, LLC, John Nicholas Wilkens, and John Does I-III, and in support thereof would respectfully show unto the Court as follows:

1.  The Plaintiff, Michael Hill, is an adult resident citizen of Louisiana.

2.  The Plaintiff, Dasie Hill, is an adult resident citizen of Louisiana.

3.  Defendant, The Kenan Advantage Group, Inc. is foreign corporation that is incorporated and has its principle place of business outside of the State of Mississippi, and which is believed to be incorporated in Delaware and having its principle place of business in Ohio.

4.  Defendant, KAG Leasing, Inc. is foreign corporation that is incorporated and has its principle place of business outside of the State of Mississippi, and which is believed to be incorporated in Delaware and having its principle place of business in Ohio and which may be served with process through C. T. Corporation System, 645 Lakeland East Drive, Ste.

101, Flowood, MS 39232.

5. Kenan Transport, LLC, is foreign limited liability company organized under the laws of Delaware and having its principle place of business in Ohio pursuant to its Application for Registration of Foreign Limited Liability Company (Business ID 874074, filed 06/20/2005). The management of the LLC is vested in a manager, pursuant to the Application for Registration, with the sole manager being Charles DeLacey of 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720. This Defendant may be served with process through C. T. Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

6. Defendant, Charles G. Lawson Trucking, Inc., is foreign corporation that is incorporated and has its principle place of business outside of the State of Mississippi, and which is believed to be incorporated in Delaware and having its principle place of business in Alabama and which may be served with process through C. T. Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

7. Defendant, Charles G. Lawson Trucking, LLC, is foreign limited liability company organized under the laws of Delaware and having its principle place of business in Alabama pursuant to its Application for Registration of Foreign Limited Liability Company (Business ID 1100874, filed 09/08/2016). Purusant to a Business Conversion filed with the Mississippi Secretary of State on 09/15/17, all members reside in either Ohio or Illinois. Additionally, this Defendant may be served with process through C. T. Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

8. Defendant, John Nicholas Wilkens, is an adult resident citizen of Florida, residing at 520 Long Ave., Inverness, Florida 34453-3335.

9. The true names and capacities, whether individual, corporate, associate, representative, or otherwise of Defendants named herein as John Does I-III are unknown to Plaintiff. Plaintiff consequently sues these Defendants by those fictitious names and will seek to amend this Complaint and state the true names and capacities of these Defendants when they have been ascertained.

10. Furthermore, the role of those Defendants, whether having direct negligence due to failure to properly train or supervise Defendant Wilkens, whether having direct negligence due to negligently having hired Defendant Wilkens, whether being vicariously liable for Defendant Wilkens negligent conduct, or whether being directly liable as a result of negligent conduct in leasing, repairing or otherwise, are all unknown to Plaintiff at this time.

11. However, Plaintiff reserves the right to assert those claims against the John Doe Defendants, as well as pleading these issues to put the presently named Defendants on notice of those claims should it become evident during discovery that these presently-unknowable negligent acts occurred, in accordance with the restraints inherent in pleading matters pursuant to the Federal Rules of Civil Procedure.

12. Jurisdiction is proper due to complete diversity of citizenship of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. On August 30, 2017, Plaintiffs were traveling westbound on Highway 98 in Forrest County, Mississippi.

14. At this same time, a vehicle driven by Defendant Wilkens was traveling southbound on James Street.

15. Defendant Wilkens attempted to merge onto Highway 98 from James Street but did so

without verifying that it was safe to do so and that there were no vehicles traveling west on Highway 98.

16. As a result, Defendant Wilkens failed to yield the right of way to Plaintiffs by pulling out in front of them, thereby causing a collision.

17. As a result of the collision, both vehicles left the road, with Plaintiff's vehicle and trailer traveling into a ditch on the right side of the road.

18. Due to the collision and the negligent conduct of Defendant Wilkens, Plaintiff Michael Hill suffered serious, debilitating, and permanent personal injuries.

19. Due to the collision and the negligent conduct of Defendant Wilkens, Plaintiff Dasie Hill suffered personal injuries in addition to a loss of consortium related to the serious, debilitating, and permanent injuries to her spouse, Plaintiff Michael Hill.

20. The aforementioned Defendant Wilkens was negligent in one or more of the following ways in causing the collision:

   a. failing to yield the right of way;

   b. failure to see what should have been seen;

   c. traveling at a speed too fast for conditions then present;

   d. failing to keep a proper lookout;

   e. failing to maintain a proper lane;

   f. violating Mississippi's prohibition on cell phone usage while operating a motor vehicle;

   g. failing to abide by the laws of the State of Mississippi pertaining to operation of a motor vehicle; and

   h. other unlawful and/or negligent acts as ascertain through discovery.

21. The negligence of Defendant Wilkens was the sole and proximate cause of the resulting crash and Plaintiffs' injuries.

22. At the time of the collision, Defendant Wilkens was acting in the course and scope of his employment with The Kenan Advantage Group, Inc, making this Defendant vicariously liable for Wilkens negligent conduct.

23. At the time of the collision, Defendant Wilkens was acting in the course and scope of his employment with KAG Leasing, Inc., making this Defendant vicariously liable for Wilkens negligent conduct.

24. At the time of the collision, Defendant Wilkens was acting in the course and scope of his employment with Kenan Transport, LLC., making this Defendant vicariously liable for Wilkens negligent conduct.

25. At the time of the collision, Defendant Wilkens was acting in the course and scope of his employment with Charles G. Lawson Trucking, Inc., making this Defendant vicariously liable for Wilkens negligent conduct.

26. At the time of the collision, Defendant Wilkens was acting in the course and scope of his employment with Charles G. Lawson Trucking, LLC., making this Defendant vicariously liable for Wilkens negligent conduct.

27. Due to those injuries suffered by Plaintiff Michael Hill, he is entitled to recover damages from Defendants, including, but not limited to:

    a. Past, present, and future medical and related expenses, including pre-judgment interest thereon;

    b. All general damages flowing from the injuries caused by Defendants' negligent conduct, including, but not limited to, past, present and future physical pain and

      suffering; past, present and future loss of enjoyment of life; and disability and permanent impairment;

   c. Lost earning capacity;

   d. Lost wages, including pre-judgment interest thereon; and

   e. All other damages arising from, or in any way associated with, the subject accident and resulting injuries to the Plaintiff.

28. Due to those injuries suffered by Plaintiff Dasie Hill, she is entitled to recover damages from Defendants, including, but not limited to:

   a. Past, present, and future medical and related expenses, including pre-judgment interest thereon;

   b. All general damages flowing from the injuries caused by Defendants' negligent conduct, including, but not limited to, past, present and future physical pain and suffering; past, present and future loss of enjoyment of life;

   c. Loss of consortium in relation to the injuries received by Plaintiff, Michael Hill, her husband; and

   d. All other damages arising from, or in any way associated with, the subject accident and resulting injuries to the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Michael Hill, sues and seeks compensatory damages from the Defendants in the amount of TWO MILLION DOLLARS ($2,000,000.00).

**AND, WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dasie Hill, sues and seeks compensatory damages from the Defendants in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

THIS, the 28th day of August, 2020.

        **PLAINTIFFS, MICHAEL HILL AND DASIE HILL**

        */s/ R. Kevin Hamilton*
        R. KEVIN HAMILTON - MSB # 100886
        THE HAMILTON LAW FIRM
        911 26th Avenue
        P.O. Box 1511
        Meridian, MS 39302-1511
        Phone: (601) 693-5548
        Fax:    (888) 855-0691
        *Attorney for Plaintiffs*