IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL HILL,** *et al.*                                               **PLAINTIFFS**

**v.**                                  **CIVIL ACTION NO. 2:20-CV-164-KS-MTP**

**CHARLES G. LAWSON TRUCKING, LLC,** *et al.*         **DEFENDANTS**

### ORDER

On January 31, 2022, Plaintiffs filed a Motion to Strike [71] Defendant's experts, Dr. David Collip and Dr. Lynn Stringer, arguing that Defendants' designation does not include sufficient information regarding the experts' prior testimony. Specifically, Plaintiffs noted that Stringer's list of cases only provided a patient name, omitting the forum of the cases, case numbers, party names, and/or retaining attorneys. Collip provided no information at all about prior testimony. On February 4, 2022, Defendants responded to the motion. Although they disputed Plaintiffs' argument that they had failed to comply with Rule 26, they attached a Supplement [75-2] to their designation which includes the requested information. *See* Exhibit A [75-2], at 3-4, 6-9.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness.

FED. R. CIV. P. 26(a)(2)(B). Among other things, the report must include "a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." FED. R. CIV. P. 26(a)(2)(B)(v).

"A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2). Moreover, any supplements to the disclosures must be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). "Unless the court orders otherwise," pretrial disclosures must be made at least thirty days before trial. FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5).

The Court will assume, without deciding, that Defendants failed to timely comply with Rule 26(a)(2)(B)(v). Rule 37 provides: "If a party fails to provide information or identify witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In applying Rule 37(c), the Court considers the following factors:

2

> (1) the importance of the witnesses' testimony;
>
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
>
> (3) the possibility of curing such prejudice by a continuance; and
>
> (4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

The information in dispute – cases in which the experts have provided testimony during the last four years – is only slightly important. Based on the current record, the Court has no reason to believe that further inquiry into the experts' prior testimony will reveal anything of great importance. Nevertheless, the Court recognizes the need for counsel to explore all avenues when building a case.

To whatever extent Defendants' delay in providing the information prejudiced Plaintiffs, that prejudice has now been cured. Plaintiffs have the desired information. This case will not be tried for months, and Plaintiffs have ample time to research these cases for potential impeachment material before trial.

Plaintiffs contend that they are still prejudiced because there is only a week left in the discovery period, and they do not have time to depose these experts regarding prior cases in which they have provided testimony. However, the Court notes that Plaintiffs strenuously objected to permitting a Rule 35 IME, *see* Plaintiff's Partial Opposition to Motion for Independent Medical Examination [54], and they

have not otherwise deposed Collip and Stringer, despite the obvious importance of their substantive opinions and the factual basis thereof. Regardless, in an abundance of caution, the Court will permit Plaintiffs to conduct a limited deposition of Collip and Stringer outside the discovery period, which should cure any remaining prejudice that may have accrued to them.

For these reasons, the Court **denies** Plaintiffs' Motion to Strike [71] Defendants' experts, Collip and Stringer. Plaintiffs may depose Collip and Stringer outside the discovery period, but no later than **March 22, 2022**. The subject matter of any deposition conducted outside the discovery period shall be limited to the "cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," FED. R. CIV. P. 26(a)(2)(B)(v), and the length of the depositions shall be limited to one hour each. The Court declines to shift any costs or fees in that Plaintiffs would have accrued the same expense if Defendants had timely furnished the information.

SO ORDERED AND ADJUDGED this 22nd day of February, 2022.

          /s/     Keith Starrett
          KEITH STARRETT
UNITED STATES DISTRICT JUDGE